IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRIMFIELD, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No. 02-3684 |
| | : |
| | : |
| THE UNITED STATES OF AMERICA | : |
| and | : |
| DEPARTMENT OF HOUSING AND | : |
| URBAN DEVELOPMENT | : |
| | : |
| Defendants. | : |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT**

Defendants, United States of America and the Department of Housing and Urban Development ("HUD"), by and through their attorneys, Patrick L. Meehan, United States Attorney in and for the Eastern District of Pennsylvania and Nadine M. Overton, Assistant United States Attorney in and for the same district, pursuant to Rule 12(b)(1) and Rule 56 of the Federal Rules of Civil Procedure, hereby submit this Motion to Dismiss Plaintiffs' Complaint or in the Alternative for Summary Judgment for the reasons set forth in the attached memorandum of law.

        Respectfully submitted,

        PATRICK L. MEEHAN
        United States Attorney

        _____
        JAMES G. SHEEHAN
        Assistant United States Attorney

                                                Chief, Civil Division

                                                _____

                                                NADINE M. OVERTON
                                                Assistant United States Attorney

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WILLIAM BRIMFIELD,** | : |
| **Plaintiff,** | : |
| | : Civil Action No. 02-3684 |
| | : |
| **THE UNITED STATES OF AMERICA** | : |
| **and** | : |
| **DEPARTMENT OF HOUSING AND** | : |
| **URBAN DEVELOPMENT** | : |
| **Defendants.** | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

### I. INTRODUCTION

      Plaintiff, William Brimfield, has sued the United States of America and the U.S. Department of Housing and Urban Development (hereinafter "HUD") for injuries allegedly resulting when a brick fell on him from a property located next to his residence at 1211 West Wingohocking Street, Philadelphia, Pennsylvania. At the time of the alleged incident, the property in question was in HUD's inventory, but was under the management, maintenance, and control of an independent contractor, First Preston Foreclosure Specialists (hereinafter "First Preston"). Since there has been no waiver of sovereign immunity for the negligent actions of independent contractors, Federal

Defendants respectfully ask the Court to grant its Motion to Dismiss for lack of subject matter jurisdiction. In addition, the Court lacks jurisdiction because there has been no waiver of sovereign immunity as to the Department of Housing and Urban Development.

## II. STATEMENT OF FACTS

Plaintiff alleges that on October 10, 1999, he was on the sidewalk adjacent to 1211 West Wingohocking Street, Philadelphia, PA when a brick fell from the above referenced property. As a result, Plaintiff alleges that he suffered serious and permanent injuries due to the "carelessness, negligence, and/or recklessness in the defendant's maintenance, safety, repair, replacement, inspection, use, and oversight of the premises." *See* Plaintiff's complaint at para 4.

At the time of the alleged incident, the property in question was in HUD's inventory as the result of a conveyance of the property by the former mortgage lender when it filed its claim for FHA insurance proceeds. Under the FHA insured single-family housing program, HUD neither makes loans nor builds housing. Pursuant to the National Housing Act, HUD insures private lenders (banks, savings and loan associations, mortgage companies, and other lending institutions) against the risk of default on mortgages they originate. *See* 12 U.S.C. §1709, et. seq. Because the lender is insured against loss, the borrower benefits through lower mortgage interest rates or more favorable terms than can be received ordinarily under a conventional mortgage. In the event the borrower defaults, the lender is required to foreclose and convey the property to HUD in order to claim the insurance proceeds. The properties are then placed under the supervision of an independent contractor, referred to as "M&M" (management and maintenance) contractors, to market the property for a timely resale to a qualified purchaser. The proceeds from the sale are then returned to the insurance funds.

In the instant case, HUD had contracted with First Preston for all responsibilities associated with the preservation, protection, maintenance, and sale of the property in question. A copy of the contract is attached hereto as Exhibit "A". Under the contract, First Preston was required to "provide ... all facilities, materials, supplies, equipment, labor, and services required to successfully manage single family (1-4 units) properties which are HUD-owned properties ...." (Section C-2, Par. I). Furthermore, First Preston must "routinely inspect and take all actions necessary to preserve, protect, and maintain each property in a presentable condition at all times." (Section C-2, V.B.5.) One of the duties required of First Preston is "correction [any] condition that presents a health or safety hazard to the public or the property within 24 hours of discovery." (Section C-2, V.B.5.)

The Single Family Asset Management System (SAMS) is a computer program that HUD uses to track these properties. SAMS shows the date when a property was received in HUD's inventory in addition to showing when the property was assigned to the appropriate M&M contractor. The West Wingohocking Street property was received in HUD's REO inventory on 4/02/99. See Declaration of Patricia Peiffer, Exhibit B. The M&M contractor and property manager for this property is First Preston (FRSTR9288). The property was assigned to First Preston on 9/23/99. Exhibit B.

Thus, at the time of the alleged incident, October 10, 1999, the property in question, 1213 West Wingohocking Street, Philadelphia, Pennsylvania, was under the management, possession, and control of First Preston, pursuant to contract with the Department of Housing and Urban Development.

### III. STANDARD OF REVIEW

This Court will grant a motion to dismiss for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Morton v. Vaughn, 1994 WL 172718, No. Civ. A. 93-6691, at *2 (E.D. Pa. May 4, 1994) (Dalzell, J.) (citations and internal quotation marks omitted); Price v. Kurtz, No. 95-CV-3771, 1995 WL 672377, at *1 (E.D. Pa. Nov. 13, 1995) (dismissing claims where "the facts pled and reasonable inferences therefrom [were] legally insufficient to support the relief requested" and citing Pennsylvania ex. rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 179 (3d Cir. 1988)).  When considering defendants' motion to dismiss for failure to state a claim, the Court should accept as true all facts set forth in plaintiff's complaint, and draw all reasonable inferences in favor of plaintiff.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 & n.2 (3rd Cir. 1994) (affirming dismissal and holding that courts "may also consider matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." (citations omitted)).  In ruling on a motion to dismiss, the Court must accept plaintiff's version of the facts as true, although it is not required to accept plaintiff's characterization of those facts.  Fisher Bros. Sales v. United States, 46 F.3d 279, 286 (3rd Cir. 1995).

Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R. Civ. P. 56 (c).  An entry of summary judgment is

mandated against a "party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corn. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2552 (1986). "If the movant has produced evidence in support of summary judgment, then the opponent may not rest on the allegations set forth in the pleadings but must counter with evidence that demonstrates a genuine issue of fact." Bio Apple BMW, Inc. v. BMW of North America. Inc., 974 F. 2d 1358, 1362-63 (3d Cir. 1992), cert. denied 113 S. Ct. 1262 (1993). As explained by the Third Circuit, summary judgment "is no longer a disfavored procedural shortcut, and may present the district court with the first opportunity to dispose of meritless cases under the federal practice of motion pleading." Id. at 1363.

## IV. ARGUMENT

### A. The Department of Housing and Urban Development Is Not a Proper Defendant in this Action.

Congress has specifically provided that the only proper defendant in an action under the Federal Tort Claims Act is the United States. Therefore, plaintiff has no legal basis for his claim against HUD. It is well established that the doctrine of sovereign immunity prohibits suit against the United States and its agencies unless consent has been granted. United States v. Sherwood, 312 U.S. 584, 586 (1941). Any waiver of sovereign immunity is to be strictly construed in favor of the government. FMC Corp v. US Dep't of Commerce, 29 F.3rd 833, 839 (3d. Cir. 1994). The Federal Tort Claims Act "is the exclusive waiver of sovereign immunity for actions sounding in tort against the United

States, its agencies and/or officers acting within their official capacity." J.D. Pflaumer v. United States Department of Justice, 450 F.Supp. 1125, 1132 n.11 (E.D. Pa. 1978).

In an action under the Federal Tort Claims Act, the only proper defendant is the United States of America. 28 U.S.C. §2679. The plaintiff may not bring suit against the agency that was allegedly responsible for the plaintiff's injuries. See e.g., FDIC v. Craft, 157 F.3d 697, 706-07 (9th Cir. 1998)(FDIC); Galvin v. Occupational Safety & Health Administration, 860 F.2d 181, 183 (5th Cir.1988)(OSHA); Myers & Myers, Inc. v. United States Postal Service, 527 F.2d 1252, 1256 (2nd Cir. 1975)(Postal Service). Furthermore, Congress has made it clear that even the authority of a federal agency to sue and be sued in its own name may not be construed to authorize suits against the agency under the FTCA. See generally, FDIC v. Myer, 510 U.S. 471, 475-76 (1994).

Here, although the Secretary of HUD is authorized to sue and be sued under the National Housing Act, 12 U.S.C. §1702, there is no waiver of sovereign immunity for tort actions against HUD, due to the exclusivity provision of 28 U.S.C. §2679(a), which limits waivers of sovereign immunity to the United States. Since HUD, is not a proper defendant under the FTCA, plaintiff's complaint as to HUD should be dismissed for lack of subject matter jurisdiction. 28 U.S.C.§ 2679(a).

    **B. The United States Is Not Liable to the Plaintiffs for the Negligence, If Any, of its Independent Contractors.**

The FTCA makes the federal Government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment. United States v. Orleans, 425 U.S. 807, 813 (1976). For the purposes of the FTCA,

federal employees are defined as "officers or *employees* of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671 (emphasis added). A federal agency for FTCA purposes is defined as "the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States but *does not include any contractor* with the United States." Id. (emphasis added). Thus, the FTCA expressly excludes independent contractors from the definition of employee. Id. Whether an individual is an employee of the United States under the FTCA is determined by federal law. Orleans, 425 U.S. at 814; United States v. Logue, 412 U.S. 521, 528 (1973); Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995). Plaintiff bears the burden of persuasion if subject matter jurisdiction is challenged "because the party who sues the United States bears the burden of pointing to an unequivocal waiver of immunity." Williams, 50 F. 3d at 304 (citing, Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied).

      The Supreme Court has made it clear that the critical element in distinguishing an agency from a contractor is the power of the United States "to control the detailed physical performance of the contractor." United States v. Logue, 412 U.S. 521, 528 (1973). The Supreme Court has also held that an entity is an independent contractor unless its "day-today" operations are supervised by the federal government. United States v. Orleans, 425 U.S. 807, 815 (1976). The fact that the government has, in some cases, required the contractor to comply with detailed specifications, regulations or

standards or that the United States retained the right to inspect the performance of a contractor's work does not convert a contractor into an agency of the United States. Orleans, 425 U.S. at 816. Accord, Berkman v. United States, 957 F.2d 108,113 (4th Cir. 1992). Nor does it establish that the United States supervised the contractor's day-to-day operations. Orleans, 425 U.S. at 817-18..

In the case at bar, under the terms of the contract, First Preston is a party to a M&M contract with HUD. Exhibit A. Under the express terms of the contract, First Preston provides its own "facilities, materials, ..., supervision, personnel, and othe items to perform the the services as set forth in this contract." Exhibit A, Section C-3, I (b). The management and maintenance contract provides that First Preston perform all duties to maintain the property in a safe condition and correct any condition which may present a health hazard. Exhibit A, Section C-3, V. B. 5. A determination of the day-to-day control of the acts or omissions of the independent contractor's employees may be made from the express language of the contract. Brookins v. United States of America, 722 F. Supp. 1214, 1217-1218 (E.D. Pa. 1989). As defined by the FTCA, First Preston and its employees are not government employees but rather independent contractors.

The Third Circuit has also rejected an effort to hold the United States liable for the acts or omissions of independent contractors having maintenance responsibilities. See Norman v. United States, 111 F. 3d 356 (3d Cir. 1997) . In Norman, the Third Circuit affirmed the district court's dismissal of a lawsuit brought under the FTCA alleging that the United States was liable for injuries sustained by plaintiff when he slipped and fell in the Ceremonial Court Corridor of the William J. Green Federal

Building and the Byrne Courthouse Building in Philadelphia. The United States defended on the grounds that an independent contractor was responsible for providing custodial and janitorial services at the buildings, including the cleaning and maintenance of the main entrances, lobbies and corridor where plaintiff fell. The Third Circuit agreed that the United States could not be held liable under the FTCA for the alleged negligence of its independent contractor because they were not employees of the United States and the United States did not supervise the day-to-day operations of the contractor. Id. at 357.

In Williams, supra, the plaintiff sought to hold the United States liable for the failure of a maintenance company to keep the lobby area on which the plaintiff slipped free of water accumulation. The plaintiff in Williams argued that the retention of a maintenance company could not insulate the United States from liability since the contract was performed pursuant to Government inspections. The Williams Court rejected this argument. Id. at 307. Noting that the waiver of sovereign immunity under the FTCA is to be strictly construed, the Court reasoned that such controls by the United States did not amount to the Government having day-to-day physical control of the contractor's operations, and therefore did not convert an independent contractor into an agent or employee of the United States. Id. The mere fact that the United States retains the right to inspect work to see that the provisions are carried out under the contract does not make the Government liable for damage resulting from the negligence of contractors in the performance of their contracts. See also, Norman 111 F.3d at 357; Merklin v.

10

United States, 788 F.2d 172 (3d Cir. 1986); Fisher v. United States, 441 F.2d 1288 (3d Cir. 1971); White v. United States, 472 F. Supp. 259, 260 (W.D. Pa. 1985).

Furthermore, no tort liability can be imputed to the government because of the mere fact that the property in question was "owned" by HUD.  In Berkman, the Plaintiff argued that even if the independent contractor was liable, under Virginia state law the Government was also liable because the property was owned and occupied by the Government. The court rejected that proposition and states that the limited waiver of sovereign immunity granted in the FTCA places a focus "upon the person or entity whose tortious conduct" is to be imputed to the Government.  Id. at 113.  The court further states that this statutory scheme obviates any contentions that the Government becomes liable for generalized breaches of duty as defined by state law.  Id.; accord, Norman at 358 (affirming the district court's holding that the federal government may not be held liable for a negligent or wrongful act or omission of an independent contractor even where state law would impose liability in such instances).

The holdings of Orleans, Norman, Williams, and Berkman apply equally well to the case now before the Court.  Just as the contractors' performance in those cases were subject to numerous federal rules and regulations, the performance of the First Preston under its contract with the United States was also subject to certain federal requirements. However, none of the requirements contained in the contract gave the United States control over the day-to-day operation of the property in question or the employees of First Preston.

**V. CONCLUSION**

11

The supporting exhibits demonstrate that the United States entered into a contract with First Preston that delegated specifically the duties of maintaining the property in question and correcting any dangerous or hazardous conditions on the premises of 1213 West Wingohocking Street in Philadelphia, Pennsylvania. The United States cannot be found liable for any alleged negligence of First Preston because it was independent contractor. Moreover, there is no waiver of sovereign immunity as to the Department of Housing and Urban Development for actions sounding in tort. For the reasons stated, the United States respectfully requests this Court to grant its Motion to Dismiss or in the Alternative for summary judgment.

        Respectfully submitted

        PATRICK L. MEEHAN
        United States Attorney

        _____
        JAMES G. SHEEHAN
        Assistant United States Attorney
        Chief, Civil Division

        NADINE M. OVERTON
        Assistant United States Attorney