IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM BRIMFIELD, | : |
| Plaintiff, | : CIVIL ACTION NO. 02-3684 |
| v. | : |
| THE UNITED STATES OF AMERICA, | : |
| and | : |
| THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | : |
| Defendants. | : |

**Reed, S.J.**                                                                                                      **October 21, 2002**

<u>MEMORANDUM</u>

Defendants the United States of America and the Department of Housing and Urban Development ("HUD") have filed a motion to dismiss the plaintiff's complaint or in the alternative for summary judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56. (Document No. 5). Upon consideration of defendants' motion and all responsive papers, the motion will be granted.

**I.      BACKGROUND**

The following facts are based upon the well-pleaded allegations of the complaint. See <u>Miree v. DeKalb County</u>, 433 U.S. 25, 27 n.2 (1977); <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 183 (3d Cir. 1993). In 1997, defendant HUD contracted with First Preston Foreclosure Specialists ("First Preston") for the maintenance and sale of the property located at 1213 West Wingohocking Street, Philadelphia, Pennsylvania ("the Property"). HUD acquired the Property when the prior occupants

defaulted on mortgage payments. Under these circumstances, the National Housing Act requires the bank or lending institution to foreclose and convey the Property to HUD. Because HUD insures private lenders against default, the lender can claim insurance proceeds after the conveyance of a property to HUD. It is undisputed that after acquiring the Property, HUD entered into an agreement with a property manager, First Preston, to inspect, correct hazardous conditions, and sell the Property. HUD's records, as well as an affidavit from HUD employee Patricia Peiffer, indicate that the Property was assigned to First Preston on September 23, 1999. (Defendant's Exhibit B).

Plaintiff, William Brimfield, has alleged that on October 10, 1999 a brick from the Property fell on him while he was on an adjacent sidewalk. He filed suit against the United States of America and HUD for the resulting injuries. Defendants then filed this motion for dismissal of the complaint or, in the alternative, for summary judgment. They argue that under the Federal Tort Claims Act ("FTCA"), the United States (rather than HUD) is the only proper defendant. However, while the FTCA allows for this exception to the Government's sovereign immunity, defendants contend that the government retains its sovereign immunity when the negligent actions are those of an independent contractor, and not of the government itself. In plaintiff's answer to the motion, he agrees that HUD was not a proper party, and does not contest the fact that First Preston is in fact an independent contractor. Instead, he asserts that the United States should be held liable because, at the time of the incident, First Preston was not yet required to inspect the Property and eliminate hazards under the terms of its contract with HUD.

## II.     LEGAL STANDARD

A motion under Rule 12(b)(1) may take the form of either a factual or a facial challenge to subject matter jurisdiction. See Singer v. Commissioner of Internal Revenue Service, No. 99-2783,

2000 U.S. Dist. LEXIS 57, at *9 (E.D. Pa. Jan. 7, 2000) (citing Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)); Gould Elecs., Inc. v. United States, No. 99-1130, 1999 U.S. Dist. LEXIS 15769, at *2 (E.D. Pa. Oct. 12, 1999) (citing Mortensen, 549 F.2d at 891). Where, as here, there is a factual challenge to subject matter jurisdiction, the court is "not confined to allegations in the plaintiff's complaint, but [can] consider affidavits, depositions, and testimony to resolve factual issues bearing on jurisdiction." Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997) (citing Mortensen, 549 F.2d at 891-92). It is appropriate to decide a factual motion to dismiss based on an exception in the FTCA under Rule 12(b)(1). See id. (addressing a motion to dismiss based on the FTCA's "discretionary function" exception).

"When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion." Kehr Packages v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir.), cert. denied, 501 U.S. 1222, 111 S. Ct. 2839 (1991) (citing Mortensen, 549 F.2d at 891); see also Development Fin. Corp. v. Alpha Hous. & Health Care, 54 F.3d 156, 158 (3d Cir. 1995). However, plaintiff's burden is light;[1] dismissal for lack of jurisdiction is only appropriate where the right claimed "is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." Growth Horizons, Inc., v. Delaware County, 983 F.2d 1277, 1280-81 (3d Cir. 1993) (quoting Kulick v. Pocono Downs Racing Ass'n, 816 F.2d 895, 899 (3d Cir. 1987) (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666, 94 S. Ct. 772, 777 (1974))). The Court must be careful, however, not to allow its consideration of jurisdiction to spill over into a determination of the merits of the case, and

---

[1] Plaintiff's burden on a Rule 12 (b) (1) factual challenge to jurisdiction is lower than the burden on a Rule 12 (b) (6) motion for failure to state a claim. See Gould, 1999 U.S. Dist. LEXIS 15769, at *3 (citing Growth Horizons, Inc., v. Delaware County, 983 F.2d 1277, 1280-81 (3d Cir. 1993)).

3

thus must tread lightly in its consideration of the facts concerning jurisdiction. See <u>Growth Horizons</u>, 983 F.2d at 1281 n.5 (citing <u>Kulick</u>, 816 F.2d at 897; <u>Mortensen</u>, 549 F.2d at 891).

### III. ANALYSIS

With some exception, the doctrine of sovereign immunity prohibits suits brought against the United States Government. <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). One such exception is granted by the Federal Tort Claims Act. This statute allows the district courts jurisdiction over claims brought against the United States, for injury "caused by the negligent or wrongful act or omission of any employee of the Government…under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b)(1). Section 2671 of the Act clarifies terms throughout the FTCA. The term "employee of the Government" is defined as "officers or employees of any federal agency." 28 U.S.C. § 2671. In its definition of "federal agency," this section explicitly excludes contractors.[2] This has been referred to as the independent contractor exception to the Federal Tort Claims Act. Borough of Lansdowne v. Sevenson Environmental Services, No. CIV.A.99-3781, 2000 WL 1100866, at *2 (E.D.Pa. Aug. 2, 2000) (citing Norman v. United States, 111 F.3d 356, 357 (3d Cir. 1997)). Therefore, under circumstances in which the tort was committed by an independent contractor, as it was here, the Government will not be held liable. Because there is no question as to whether First Preston is an independent contractor, I conclude that the Government cannot be held liable for First Preston's

---

[2] "As used in this chapter and sections 1346(b) and 2401(b) of this title, the term "Federal agency" includes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States." 28 U.S.C. § 2671.

negligence.[3]

Plaintiff contends, however, that the independent contractor exception should not apply in this instance. Plaintiff's argument hinges upon the theory that under the contract, the independent contractor was not required to have inspected the Property before the alleged accident on October 10, 1999, as it had 30 days from September 23, 1999 in order to perform this duty. Plaintiff implicitly argues that the duty to keep the Property safe remained with HUD until October 23, 1999. The contract in a paragraph entitled "Inspections and Appraisals" in general terms does in fact require the contractor to perform an initial inspection of the Property within thirty days after the initial assignment of the Property. (Defendants' Exhibit A; Section C-2, IV, p. C-5). This general paragraph makes no mention of hazards or safety. The paragraph regarding the initial general inspection is immediately followed by another entitled "Specific Tasks," requiring that "the Contractor's actions be <u>timely</u> so as to eliminate any hazardous conditions, to preserve and protect properties, to maintain properties in a presentable condition at all times." (<u>Id.</u>; Section C-2, V, p. C-5). This section requires First Preston's actions to be "timely" and makes no mention of a window of performance of thirty days.

"[W]hile a contract's provision must be interpreted with reference to the whole the specific controls the general." <u>Martin v. United States Steel & Carnegie Pension Fund</u>, No. 02-708, 2002 U.S. Dist. LEXIS 14001, at *11 (E.D. Pa. July 16, 2002) (quoting <u>Capitol Bus Co. v. Blue Bird Coach Lines, Inc.</u>, 478 F.2d 556, 560 (3d Cir. 1973)). Subsection A of "Specific Tasks" expressly requires First Preston to "ensur[e] that there are no hazardous conditions." (Defendants' Exhibit A;

---

[3]In his supporting brief, plaintiff explicitly refers to First Preston as the "independent contractor." (Plaintiff's Response at 3). First Preston is also referred to as the "Contractor" throughout its contract with the Government. (Defendants' Exhibit A).

Section C-2, V, p. C-6). Specifically, First Preston is to do the following:

> **Routinely** inspect and take all actions necessary to preserve, protect, and maintain each property in a presentable condition at all times. This includes, but is not limited to…removal and proper disposal of all interior and exterior debris;…**correction of ANY condition that presents a health or safety hazard to the public or to the property within twenty-four (24) hours of discovery**.

(Id.) (emphasis added). The contract explicitly states that "[t]he effective date for Phase II services is 9/23/99." (Defendants' Exhibit A; Final Page of Document).[4] This responsibility of the contractor commenced about seventeen days before the accident. Because these requirements are listed under the heading "Specific Tasks," a section wholly separate from the general paragraph "Inspections and Appraisals," the time of performance listed under the latter has no bearing upon the requirements listed in the former. I find that, under the terms of this contract, First Preston was responsible for the removal of any safety hazards as of the effective date of the contract; a loose brick would certainly qualify as such.

I therefore find that the tort of negligence alleged in plaintiff's action was committed by an independent contractor rather than an employee of the federal government. Consequently, I conclude the action does not fall within the scope of the acts for which the United States has waived its sovereign immunity under the FTCA, and I further conclude that jurisdiction is lacking.

### III.    CONCLUSION

For the foregoing reasons, I conclude that United States has not waived its sovereign immunity to this suit under the Federal Tort Claims Act. I will therefore grant the motion to dismiss

---

[4] Phase II services are defined in section B-I of the contract as those technical requirements in Section C, which enable the successful management of single family properties owned by/ in the custody of HUD. (Defendants' Exhibit A; B-I).

this action for lack of jurisdiction. An appropriate Order follows.

Case 2:02-cv-03684-LR    Document 7    Filed 10/22/2002    Page 7 of 8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM BRIMFIELD, | : | |
| Plaintiff, | : | CIVIL ACTION NO. 02-3684 |
| v. | : | |
| THE UNITED STATES OF AMERICA, | : | |
| and | : | |
| THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, | : | |
| Defendants. | : | |

**ORDER**

**AND NOW**, on this 21st day of October, 2002, upon consideration of the motion of defendants the United States of America and the Department of Housing and Urban Development to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), it is hereby **ORDERED** that defendant's motion is **GRANTED** and the complaint is **DISMISSED**.

_____

**LOWELL A. REED, JR., S.J.**